## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

BLACKBIRD TECH LLC d/b/a
BLACKBIRD TECHNOLOGIES,

     Plaintiff,

v.

GARMIN INTERNATIONAL, INC. AND
GARMIN USA, INC.

     Defendants.

C.A. No. 1:16-cv-00689-GMS

## JOINT STATUS REPORT

Pursuant to Rule 16, F.R.C.P. 16, D. Del.  LR 16.2, and the  Court's September 21, 2016

Order, the parties, by and through their undersigned counsel, jointly submit this Joint Status Report.

Counsel for the parties participated in telephone conferences pursuant to the Notice of Scheduling

Conference and as required by the Fed. R. Civ. P. 26(f) on October 12 and October 20, 2016.

Deborah Yates of Blackbird Tech LLC d/b/a Blackbird Technologies participated on behalf of

Plaintiff Blackbird Tech LLC d/b/a Blackbird Technologies ("Plaintiff" or "Blackbird

Technologies") and Jason Mudd of Erise IP participated on behalf of Defendants Garmin

International, Inc. and Garmin USA, Inc. ("Defendants" or "Garmin").

### 1.    Jurisdiction and Service:

The parties agree this Court has subject matter jurisdiction over Blackbird Technologies'

claim for patent infringement under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C.

§ 1338(a) (patent jurisdiction).  Blackbird Technologies further contends that all Defendants are

subject to personal jurisdiction in this District and were properly served. Defendants do not dispute

personal jurisdiction or service for purposes of this case.

**2.      Substance of the Action:**

This is a patent-infringement action.   Blackbird Technologies has sued Defendants for allegedly infringing U.S. Patent No. 6,434,212 (the "212 Patent") entitled, "Pedometer" (the "patent-in-suit"). Blackbird Technologies alleges that Defendants import, make, use, sell, and/or offer to sell wearable devices that infringe the patent-in-suit.

Garmin alleges that its accused devices do not infringe the patent-in-suit and that one or more claims of the patent-in-suit are invalid.

**3.      Identification of Issues:**

The parties have identified the following principal disputed issues:

(a) Construction of any disputed patent claim terms or phrases.

(b) Whether Defendants are liable for infringement of the patent-in-suit pursuant to 35 U.S.C. § 271.

(c) For any proven patent infringement, the amount of relief due to Plaintiff, including monetary relief under 35 U.S.C. § 284.

(d) Whether one or more claims of the patent-in-suit are invalid under one or more sections of 35 U.S.C. §§ 101, 102, 103, and 112.

(e) Whether Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, prosecution laches, waiver, acquiescence, or estoppel.

(f) Whether Plaintiff's claims for damages are limited at least in part by 35 U.S.C. §§ 286 and 287.

**4.      Narrowing of Issues:**

Plaintiff believes that the issues of this case can most efficiently and effectively be tried by consolidating the pending cases concerning the same patent for discovery and claim construction.

Defendants take no position on whether the cases filed by Plaintiff alleging infringement of

the same patent-in-suit against other unrelated parties should be consolidated for discovery or claim construction and leaves that docket-management decision to the Court.

**5.      Relief:**

Blackbird Technologies seeks a judgment that Defendants have infringed and continue to infringe the patent-in-suit.  Blackbird Technologies further seeks damages adequate to compensate for wrongful infringement by Defendants.  Blackbird Technologies additionally seeks the award of interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Blackbird Technologies for Defendants' infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial.  Blackbird Technologies also seeks other and further relief and all remedies available at law.  The amount of damages is unknown at this time, as Blackbird Technologies will require discovery related to infringing sales and activities and a damages analysis to calculate a reasonable royalty pursuant to the factors set forth in *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970).

Garmin seeks dismissal of the Complaint in its entirety, with prejudice, and that judgment of non-infringement and invalidity be entered in favor of Garmin and against Blackbird Technologies.  Garmin further seeks a declaration that this case is exceptional under 35 U.S.C. § 285 and an award of its reasonable attorneys' fees, costs (including expert fees), and disbursements.  Garmin also seeks such further relief as the Court may deem just and proper.

**6.      Amendment of Pleadings:**

The parties have agreed that all amendments to pleadings, other than to plead willfulness or inequitable conduct, or for good cause shown, shall be submitted no later than **June 5, 2017**.

**7.      Joinder of Parties:**

The parties have agreed that all joinder of parties, other than for good cause shown, shall

occur no later than **June 5, 2017**.

8.      **Discovery:**

The parties believe that all fact discovery will be completed by **March 30, 2018**.  The parties are concurrently filing a joint scheduling order, and have attached the proposed deadlines for discovery in this case as Exhibit A.  The parties shall exchange privilege logs by **September 9, 2017**.  The parties shall not be required to log any documents generated on or after the filing date of the instant action.   Additionally, the parties propose that the default limits on discovery contained in the Federal Rules of Civil Procedure shall apply, absent leave, however the parties propose that each side shall be entitled to up to fourteen (14) hours of total deposition testimony of the other side pursuant to Federal Rule of Civil Procedure 30(b)(6).

9.      **Estimated trial length:**

The parties believe that trial will last for **3-4 days.**

10.     **Jury trial:**

The parties have requested a jury trial.

11.     **Settlement:**

The parties held settlement discussions, but they are not ongoing.  The parties consent to having these cases referred to mediation before a magistrate judge.  Plaintiff is amenable to mediation at any time. Defendants believe mediation would likely be most productive if held following claim construction but prior to expert discovery commencing.

12.     **Such other matters as counsel considers conducive to the just, speedy and inexpensive determination of this action:**

[NONE]

13.     **A statement that counsel for the parties have conferred about each of the above matters.**

The parties certify that counsel for the parties have conferred about each of the above

matters.

                                        _____

                                        UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

| Event | Agreed Date |
|---|---|
| Rule 16 Conference | TBD |
| Rule 26(a) Disclosures | December 15, 2016 |
| Blackbird shall identify the accused products and each asserted claim that those products allegedly infringe, disclose its damages model, and produce the file history for the asserted patent | December 16, 2016 |
| Protective Order due | January 13, 2017 |
| Defendants shall produce the core technical documents related to the accused products and sales figures for the accused product(s) including unit sales and revenue generated per year. | February 10, 2017 |
| Blackbird shall produce an initial claim chart relating each accused product to the asserted claims each product allegedly infringes on an element by element basis | March 31, 2017 |
| Defendants shall produce their initial invalidity contentions for each asserted claim, comparing the asserted reference to the claims on an element by element basis for primary references, as well as the cited invalidating references | May 19, 2017 |
| Joinder of parties and amendment of pleadings, except inequitable conduct and willfulness | June 5, 2017 |
| Exchange proposed terms for claim construction | July 13, 2017 |
| Exchange proposed constructions for claim construction | July 28, 2017 |
| File Final Joint Claim Chart | August 18, 2017 |
| Document Production Substantially Complete | August 25, 2017 |
| Privilege logs | September 9, 2017 |
| File Opening Claim Construction Briefs | September 19, 2017 |
| Last day to amend to add inequitable conduct or willfulness allegations | September 22, 2017 |
| File Answering Claim Construction Briefs and Joint Appendix | October 20, 2017 |
| *Markman* Hearing | November __, 2017 |
| Final infringement contentions | February 2, 2018 |

| Event | Agreed Date |
|---|---|
| Reliance on advice of counsel (Defendants to disclose intent and produce documents) | February 28, 2018 |
| Final invalidity contentions | February 28, 2018 |
| Close of fact discovery | March 30, 2018 |
| Serve opening expert reports on issues for which a party bears the burden of proof | April 20, 2018 |
| Serve rebuttal expert reports | May 25, 2018 |
| Close of expert discovery | June 29, 2018 |
| Opening summary judgment letter briefs seeking permission to file summary judgment motions | July 20, 2018 |
| Answering letter briefs seeking permission to file summary judgment motions | August 3, 2018 |
| Reply letter briefs seeking permission to file summary judgment motions | August 17, 2018 |
| Summary Judgment – opening briefs[1] | within 2 weeks of Court's decision |
| Summary Judgment – answering briefs | per LR |
| Summary Judgment – reply briefs | per LR |
| Summary Judgment Hearing | TBD |
| Pretrial Order | Jan. __, 2019 |
| Pretrial Conference | Jan. __, 2019 |
| Trial | Mar. __, 2019 (3-4 days) |

[1] Subject to the Court's permission to file summary judgment motions.